United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-40648
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAS GUTIERREZ-SUAREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-18-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Elias Gutierrez-Suarez.
United States v. Gutierrez-Suarez, No. 04-40648, 2004 WL 2933382
(5th Cir. Dec. 17, 2004).  The Supreme Court vacated and remanded
for further consideration in light of United States v. Booker,
125 S. Ct. 738 (2005).  Gutierrez-Suarez v. United States,
No. 04-9316 (Jun. 7, 2005).  We requested and received
supplemental briefs addressing Booker's impact.  Having

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

Gutierrez-Suarez argues that he is entitled to resentencing because the district court sentenced him under the mandatory application of the United States Sentencing Guidelines that was prohibited by Booker.

In United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005), this court rejected the argument that Gutierrez-Suarez seeks to preserve for further review, that application of the guidelines under the mandatory system is structural and presumptively prejudicial. Instead, such error is subject to the plain error analysis set forth in United States v. Mares, 402 F.3d 511 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Martinez-Lugo, 411 F.3d at 600-01. Because Gutierrez-Suarez raised an argument related to Blakely v. Washington, 542 U.S. 296 (2004), in his initial brief before this court, his argument is reviewable for plain error. See United States v. Cruz, __ F.3d __, No. 03-40886, 2005 WL 1706518, *2 (5th Cir. July 22, 2005).

Gutierrez-Suarez concedes that the district court did not give any indication that his sentence would have been lower if the district court had sentenced him under the post-Booker advisory regime. He has therefore failed to show that the error

affected his substantial rights and has thus failed to establish plain error.  See Martinez-Lugo, 411 F.3d at 600-01.

We conclude, therefore, that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case.  We therefore REINSTATE OUR JUDGMENT affirming Gutierrez-Suarez's conviction and sentence.